Warner, J.
Motion to strike answer from files.
I will state, very briefly, the conclusions at which I have arrived on the questions that have been presented in argument, up to this time, in this case.
I think this proceeding has been properly brought and conducted, according to the municipal code, for the appropriation of property. There is no provision of the municipal code that provides for an answer in appropriation eases, and no answer is necessary. Therefore^ the motion to strike the answer of the *11 Klaine Company from the files must be granted, upon authority of Pittsburg, C., C. & St. L. Ry. v. Greenville, 69 Ohio St., 487, 496.
It does not appear that the proposed track of the Southern Railway Company on Front street lies contiguous for loading and unloading, as these terms are defined in Rheinstrom-v. Railivay, 52 Bull., 187, to any manufacturing establishments, etc., nor does it appear that the Pennsylvania track so lies. It would seem, therefore, equally certain that Sections 8998-9000, G-. C., as to the manner and time of switching, are not applicable to this case.
I think the so-called Daylight ordinance is a valid ordinance, and controls the use of Front street by the railroad companies occupying that street.
The further question before the court, is as to admitting evidence relating to other property than that described in the application, where such other property is used with that so described for the purposes of a single plant. There can be no question that where land is taken which is part of a larger tract, used for one purpose, damages to the residue may be included, and a very liberal rule in determining what constitutes residue obtains in this and other states, in order that full compensation may be made the owner. So, owners of farming lands as well as lots in cities, used for a single purpose or business, when any part thereof is taken, may recover damages for what remains.
In the ease on trial, we have an entirely different situation. No physical part of any lot is taken. The appropriation relates entirely to rights of abutting property in the street. The nature of this case, therefore, so far as injury to abutting property is concerned, is very much like damages to the residue in the other class of cases, the abutting lots being the residue in this case.
Inasmuch as no part of the abutting land is taken, there is no' interference with the use of the same except such as may come from the use of the street for the purposes of the appropriation. The placing of the tracks at grade, as proposed, would not alone offer more than nominal damages to abutting owners, because neither light nor air, ingress or egress will be affected by the mere presence of the tracks in the street.
*12 The additional use of the new track by the locomotives and cars, loaded and unloaded, during the hours permitted by the daylight ordinance, affords a claim for damages to the abutting property, the amount of which is to be determined by this jury.
This brings us to the question of what constitutes abutting property, as to which damages may be shown. Clearly, the land described in the application, running back to the alley, as shown on the plat filed with the application, is within the rule. But, if such abutting land is used in connection with other land, remote from and not adjoining the rights appropriated, but adjoining said abuting land, as one plant, should evidence be admitted as to the effect of the appropriation upon such remote land, as to which no rights are sought to be taken by this application and which land is not set up therein í I think not. The cases holding that where a part of physical property used as one plant is taken,, damages to the residue of the land so used may be shown are not decisive or pertinent to this case. The reason is obvious. In this case, no part of the physical property used as one plant is taken, and the language used by courts in deciding other cases must be referred to the facts of such cases, and not extended to cases where the controlling facts are essentially different. The rights of abutting property in Front street, which are appropriated in this case and the character of the use of such appropriative rights, as disclosed by the application and as allowed by city ordinance, is not indicative of any material effect upon property that does not abut the appropriation. But if, in some way not apparent, other than abutting property is damaged by this appropriation, such property was pot brought into this case, nor can it be now.
In Grant v. Hyde Park, 67 Ohio St., 166, it was all damages to the residue, after a part was taken, that the court decided must be recovered, in the one proceeding. In the case on trial, it is damages to the abutting property after the rights thereof in the street are abridged, as appropriated, that are recoverable, and it is difficult to say why such recovery does not afford full compensation for what is taken.
The rights in the street affected by this appropriation are appurtenant to the abutting lots under the conditions of this *13 ease, and evidence therefore, as to other property, must be excluded.